UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CLARENCE ZACHERLE (a.k.a CLARENCE RANDALL ZACHERLE, a.k.a. RANDY ZACHERLE),<br><br>               Plaintiff,<br><br>vs.<br><br>SPOKANE COUNTY JAIL, SPOKANE COUNTY SHERIFF and DR. CHRIS KENNEDY,<br><br>               Defendants. | NO: 13-CV-5122-JPH<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT WITH PREJUDICE<br><br>**1915(g)** |

BEFORE THE COURT is Magistrate Judge Hutton's Report and Recommendation to dismiss the Complaint for failure to state a claim upon which relief may be granted (ECF No. 11). Specifically, Magistrate Judge Hutton found that Plaintiff's allegations of deliberate indifference arising from hip and shoulder injuries sustained after he slipped in the shower at the Spokane County Jail in 2007, were time-barred. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Rose v.*

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING COMPLAINT WITH PREJUDICE -- 1

*Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981); *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989).

Also before the Court are Plaintiff's "Objection to Report and Recommendation to Dismiss Complaint/and Request for Extension to Amend or Voluntary Dismiss Complaint under Fed. R. Civ. P. 6(e)" (ECF No. 15), and a document titled, "Amendment to State a Claim Which Relief May be Granted, Toll the Limitation Period" (ECF No. 16).

Plaintiff objects to the Report and Recommendation, asserting that he is proceeding *pro se* and has no access to a law library, allegedly in violation of the Sixth Amendment. He also asserts that he has been transferred among the Spokane County Jail, the Benton County Jail and the Colville Tribal Correction Facility with only temporary stays at each facility. He seeks 66 days from December 18, 2013, to comply with the Order to Amend or Voluntarily Dismiss. That date expired in February 2014. For the reasons stated below, the Court finds a further extension of time in this matter is not warranted under Fed. R. Civ. P. 6(b).

Plaintiff is advised that there is no independent right of access to a law library or legal assistance. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). An inmate cannot make out a claim that he has been denied access to the court "simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* at 351. Instead, the inmate must show that the

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING COMPLAINT WITH PREJUDICE -- 2

denial of legal resources hindered his efforts to pursue a non-frivolous claim. *Id.* at 349-50, 35.

In this action, Plaintiff is asserting a claim for which the statute of limitations expired in 2010. His contention in his Amendment (ECF No. 16) that he suffers permanent damage from injuries which occurred in 2007 will not toll the running of Washington's three year statute of limitations, RCW 4.16.080(2). Clearly, Plaintiff had reason to know of his injury over three years prior to filing this action in 2013. *See Bagley v. CMC Real Estate Corp.,* 923 F.2d 758, 760-61 (9th Cir. 1991). He did not establish a basis for equitable tolling. *See Millay v. Cam*, 135 Wash.2d 193, 955 P.2d 791, 797 (1998) ("The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff."). Plaintiff's assertion of "neglected medical treatment" also fails to state a claim upon which relief may be granted. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (Negligence is not actionable under section 1983).

Therefore, because Plaintiff's claims are time-barred and no further amendment will cure the defects of his Complaint, **IT IS ORDERED** the Report and Recommendation (ECF No. 11) is **ADOPTED in its entirety** and the Complaint (ECF No. 10) is **DISMISSED with prejudice** for failure to state a

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING COMPLAINT WITH PREJUDICE -- 3

claim upon which relief may be granted. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993). 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **<u>Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.</u>**

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is satisfied when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to enter this Order, enter Judgment, forward copies to Plaintiff at his last known address, and **CLOSE** the file. All pending motions are **DENIED as moot.**

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING COMPLAINT WITH PREJUDICE -- 4

2. The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

**DATED** April 8, 2014.



THOMAS O. RICE
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING COMPLAINT WITH PREJUDICE -- 5